Case 4:16-cv-01868   Document 4   Filed in TXSD on 06/30/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CRISTOBAL MORENO OROZCO,       §
                               §
         Plaintiff,            §
                               §
v.                             §     CIVIL ACTION NO. H-16-1868
                               §
CITY OF ARLINGTON, et al.,     §
                               §
         Defendants.           §

**MEMORANDUM OPINION AND ORDER**

Former state inmate Cristobal Moreno Orozco (TDCJ #831994) has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), challenging the validity of a state court conviction. After reviewing all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

**I.   Background**

Orozco was charged with aggravated kidnapping in Brazoria County cause number 33,618.[1] On March 13, 2000, Orozco entered a

---

[1]Judgment on Plea of Guilty or Nolo Contendere Before Court, Docket Entry No. 1, p. 14.

guilty plea to those charges in the 23rd District Court of Brazoria County, Texas, and received a 15-year prison sentence.[2]

In his pending Complaint, which was executed on June 23, 2016, Orozco sues the presiding state court trial judge (Robert E. May), his criminal defense attorney (Von H. Shelton), and two Brazoria County prosecutors (Dale Summa and Terri Tipton Holder).[3] Orozco purportedly sues all of the defendants in their official capacity as employees of the City of Angleton.[4] Orozco seeks $400,000.00 in damages under 42 U.S.C. § 1983 because his constitutional rights were violated during his state court criminal proceeding.[5]

Orozco alleges that his conviction is invalid for the following reasons: (1) he was incompetent to stand trial; (2) he was denied effective assistance of counsel; (3) the prosecutor withheld evidence in violation of Brady v. Maryland, 83 S. Ct. 1194 (1963); (4) he was denied his right to a speedy trial; (5) the judgment is void; (6) his indictment violated double jeopardy; (7) he was not properly admonished in compliance with Rule 11; (8) the complaint was not signed; and (9) the trial court lacked

---

[2] Id.

[3] Complaint, Docket Entry No. 1, pp. 2-3, 12.

[4] Id. at 2-3.

[5] Id. at 4, 6.

jurisdiction.⁶ The court concludes, however, that the Complaint must be dismissed for reasons discussed below.

## II. Discussion

It is well established that a civil rights plaintiff may not recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id.

The rule in Heck bars Orozco's Complaint because his allegations would, if true, necessarily imply the invalidity of his conviction, which has not been overturned.⁷ For this reason, Orozco's civil rights claims are not cognizable under 42 U.S.C.

---

⁶Complaint and Relating Issues, Docket Entry No. 2, pp. 2-6.

⁷Court records confirm that Orozco's federal petition for a writ of habeas corpus was dismissed with prejudice in 2002. See Orozco v. Cockrell, Civil No. H-02-2471 (S.D. Tex. July 11, 2002). Orozco did not appeal that result.

§ 1983 at this time and his complaint must be dismissed with prejudice. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met").

### III. Conclusion

Based on the foregoing, the court **ORDERS** that the Complaint filed by Cristobal Moreno Orozco is **DISMISSED with prejudice** for failure to state a claim under 42 U.S.C. § 1983.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 30th day of June, 2016.

                           _____
                                    SIM LAKE
                           UNITED STATES DISTRICT JUDGE